## TRIPHAGEN *v.* LABBE.

1. BROKERS—COLLECTION OF PAYMENTS FOR REALTY SOLD.

    A real estate broker, employed to make a sale of real estate, has no authority to collect payments for his client, unless specially authorized so to do.

2. VENDOR AND PURCHASER—FORFEITURE—AGENCY OF BROKER—PAYMENTS—BURDEN OF PROOF—EVIDENCE.

    Testimony presented in proceedings to forfeit a land contract *held,* to have supported trial court's finding that defendants had failed to sustain the burden of proof to show the agency of real estate broker, who had effected the sale of plaintiff's house to defendants, to receive payments made after down payment, where Supreme Court cannot say the testimony clearly preponderates in the opposite direction.

3. SAME—ESTOPPEL—ACKNOWLEDGMENT OF DOWN PAYMENT.

    Plaintiff vendor who executed land contract acknowledging receipt by her of $10,500 on purchase price of $26,500 was estopped to deny receipt of $8,000 thereof, where plaintiff admittedly received $2,000 from the real estate broker and defendant purchasers received $500 from the broker, since defendants relied on the written representation to their detriment.

4. CONTRACTS—ESTOPPEL AS TO EXISTENCE OF FACTS ASSUMED TO EXIST—FRAUD—MISTAKE.

    Parties are estopped to deny facts which are agreed upon and assumed to exist as the basis of negotiation of a contract, so long as the contract stands and in the absence of fraud or mistake.

5. VENDOR AND PURCHASER—PAYMENTS SUBSEQUENT TO DOWN PAYMENT—AUTHORITY OF REAL ESTATE BROKER.

    Purchasers who made payments to real estate broker who had negotiated sale of plaintiff's house to them were entitled to credit from plaintiff for only such payments as the broker made

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 8 Am Jur, Brokers § 56.
[1, 2, 5] Authority of agent to receive payment for commodities which he is authorized to sell, or for which he is to find market. 8 ALR 210.

to plaintiff after the down payment as acknowledged in the contract, since such a broker is not, in the absence of a special authority, the vendor's agent for receipt of payments under the land contract.

6. Interest—Land Contracts—Forfeiture.

Interest from date of acknowledgment of land contract and at rate provided therein is ordered paid on amount found due vendor on purchaser's appeal in forfeiture proceedings.

7. Costs—Forfeiture of Land Contract—Failure of Either Party to Prevail in Full.

No costs are allowed on appeal in proceedings to forfeit land contract, where neither party has prevailed in full.

Appeal from Ingham; Hayden (Charles H.), J. Submitted January 9, 1952. (Docket No. 14, Calendar No. 45,256.) Decided March 6, 1952.

· Summary proceedings by Edna V. Triphagen against Arnold J. Labbe and wife. On appeal to circuit court judgment was entered for plaintiff, finding $14,321.66 due. Defendants appeal. Remanded for judgment for plaintiff with finding of lesser amount due.

*Kelley & Seelye,* for plaintiff.

*Foster, Cummins, Snyder & Foster,* for defendants.

Reid, J. Plaintiff brought proceedings before a circuit court commissioner to forfeit a land contract for nonpayment of purchase moneys. The vendees in the land contract defended on the ground that the required payments of purchase money had all been paid in full. The circuit court commissioner found for defendants and dismissed the proceedings. On appeal, the circuit judge found for plaintiff and rendered judgment for her including a finding for $14,321.66 as the amount unpaid and due.

Plaintiff employed a real estate dealer, Lester Mack, to find a buyer for her house and 2 lots on Genesee drive, in Lansing. Plaintiff demanded $26,500 and Mack produced defendants as prospective buyers and defendants offered $26,000 and refused to pay more. Unknown to plaintiff, Mack agreed in writing to refund to defendants $500 out of his dealer's commission. An offer to purchase dated August 21, 1946, was signed by defendants and the acceptance was signed by plaintiff, the stated price being $26,500. Defendant Dr. Labbe gave to Mack his, the defendant's, check for $1,000 payable to order of plaintiff and Mack gave the check to plaintiff. Plaintiff required more money to bind the bargain, and Dr. Labbe signed another check for $1,000 which latter check is dated August 21, 1946, payable to L. H. Mack, which check or the proceeds thereof was delivered by Mack to plaintiff. Plaintiff admits that she received $2,000 from Dr. Labbe before the execution of the land contract dated September 14, 1946 (acknowledged September 19, 1946), in which contract plaintiff is vendor and the defendants are vendees, and in which the total consideration is stated at $26,500 and the house and 2 lots in question are described.

After the signing of the accepted offer to purchase dated August 21, 1946, and before the execution of the land contract acknowledged September 19, 1946, defendants had sold through Mack as their agent, their house in which they then lived and received from the purchaser of their house, a check as down payment for $8,868, which they turned over to Mack; Mack gave back to defendants $868 in cash and was to pay $8,000 to plaintiff on the purchase price of her house and 2 lots in question; but Mack did not turn that amount, $8,000, over to plaintiff, neither did plaintiff know that Mack had received

that amount, $8,000. However, the land contract which was acknowledged September 19, 1946, recited,

"Ten Thousand Five Hundred Dollars on the execution and delivery of this contract, receipt of which is hereby acknowledged by first party and the balance of $16,000 together with interest on the whole sum, at the rate of 4% per annum, to be computed from date of this contract to be paid on or before January 14, 1947."

After September 19, 1946, the date of the acknowledgment of the land contract, defendants gave Mack for plaintiff: October 1, 1946, $6,125; October 7, 1946, $868; October 11, 1946, $2,000; and November 3, 1946, $7,007, a total of $16,000.

After September 19, 1946, Mack paid plaintiff for defendants: October 2, 1946, $3,500; October 8, 1946, $1,000; October 14, 1946, $2,000; October 21, 1946, $2,000; January 14, 1947, $3.67; January 18, 1947, $1,000; February 15, 1947, $2,000; and November 24, 1948, $3.28, a total of $11,506.95.

If Mack was the agent of plaintiff in receiving the moneys that he did receive from defendants to apply on the purchase price, then plaintiff has been paid in full, and judgment should be for defendants.

A real estate broker employed to make a sale of real estate has no authority to collect payments for his client, unless specially authorized so to do. See 8 Am Jur, pages 1016–1020 and authorities there cited.

Plaintiff testified and defendant Dr. Labbe admits, that plaintiff never told defendants that Mack was her agent to collect payments.

Dr. Labbe himself began and continued of his own motion the making of payments to Mack for plaintiff and plaintiff had no right to refuse to receive the money from Mack nor was there anything connected with her receipt of moneys from Mack which

would cause her to suspect that Labbe was treating Mack as her agent, and her testimony further is undisputed that she never gave Mack any authority to collect any moneys under the land contract for her.

Plaintiff further testified that she kept the papers relating to the transaction with defendants in her own possession and never let Mack have them. She further testified that she supposed that Mack was the agent for defendants in making payments to her.

Defendants cite the fact that plaintiff received from Mack after the effective date of the land contract, several payments made by defendants totaling $11,506.95 and that defendants had a right to assume that plaintiff ratified the agency of Mack by receipt of such payments; and further as indicative of the claimed agency, that after the effective date of the land contract, plaintiff turned over to Mack as though her agent to settle with defendants some disputed matters concerning the condition of her house and fixtures, including unsatisfactory condition of water softener, fumigating the house, and doing of some stucco work. Defendants also claim by her signature to the land contract, estoppel of plaintiff to deny agency of Mack, especially the representation in the land contract of the amount paid down at the time of the execution of the land contract.

The trial judge determined that the defendants had failed to sustain the burden of proof to show the agency of Mack to receive payments. We cannot say that the testimony clearly preponderates in the opposite direction.

Defendants claim estoppel by the recital in the land contract to prevent proof by plaintiff that she had received only $2,000 at the time of the execution of the land contract. Defendants relied on this written representation to their detriment, at least to the extent of signing the contract.

"We are of opinion that by a fair construction of these instruments considered in their entirety plaintiff is estopped by contract from urging as evidence of their duration patents then owned by it, but not disclosed in the unqualified representations in the recitals of those it did own when the contracts were entered into, and the trial court rightly sustained the objection to their admission in evidence for that purpose." *Thomson Electric Welding Co.* v. *Peerless Wire Fence Co.*, 190 Mich 496, 506.

"If, in making a contract, the parties agree upon or assume the existence of a particular fact as the basis of their negotiations, they are estopped to deny the fact so long as the contract stands, in the absence of fraud or mistake." *Paul* v. *University Motor Sales Co.*, 283 Mich 587 (syllabus 13).

See, also, 19 Am Jur, p 634, § 34.

Plaintiff does not even claim that there was any arrangement or talk that there was to be forthwith paid to her upon the execution of the land contract, the additional sum of $8,500. Defendants afterwards were paid by Mack the $500 which he assumed to pay, and defendants are not entitled to have that amount paid to them by plaintiff.

Excepting as to estoppel as to the amount of $8,000 in question, the findings of the trial judge are affirmed. We find plaintiff estopped to deny that she received $10,000 before the execution of the land contract. The land contract recited that there remained $16,000 which defendants agreed to pay after September 19, 1946, after which date plaintiff received $11,506.95. Subtracting $11,506.95 from $16,000 leaves $4,493.05 still due plaintiff with 4% interest, the rate specified in the land contract.

The case is remanded to the trial court with instructions to set aside the judgment appealed from, and enter a judgment for plaintiff in accordance with this opinion, including a finding for $4,493.05

with interest from September 19, 1946 at 4% as the amount due. No costs, neither party having in full prevailed.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.

BOYLES, J., did not sit.